UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TODDLE INN FRANCHISING, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:18-cv-00293-JDL ) |
| KPJ ASSOCIATES, LLC, et al., | ) ) |
| Defendants. | ) |

**ORDER ON EMERGENCY MOTION TO QUASH WRIT OF EXECUTION**

In July 2018, Toddle Inn Franchising, LLC brought this action against KPJ Associates, Kathie L. Murphy, Patrick M. Murphy, and James O. Haskell (collectively, "KPJ Associates"). In December 2018, I ordered the parties to submit to arbitration. Approximately one year later, the arbitrator issued an Amended Arbitration Award, completing the arbitration process. By an order dated March 31, 2020, I confirmed the Amended Arbitration Award and deemed it the final judgment in this case. On May 7, 2020, the Court issued a writ of execution to enforce the judgment. On May 8, 2020, KPJ Associates filed an emergency motion to quash the writ of execution (ECF No. 48), asserting that the judgment had not become final and the writ was issued prematurely. A hearing on the emergency motion was held via videoconference on May 12, 2020.

The procedure on execution of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). As relevant here, Maine law provides that writs of execution may not be issued until "the

1

judgment has become final by the expiration of the time for appeal." 14 M.R.S.A. § 4651 (West 2020). The parties' dispute centers on whether the judgment entered on March 31, 2020, became final by the expiration of the period within which to file a notice of appeal.

Both parties agree that Fed. R. App. P. 4(a)(1)(A) sets the deadline for filing a notice of appeal. As relevant here, Rule 4(a)(1)(A) provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment." Because the judgment in this case was entered on March 31, 2020, a standard application of Rule 4(a)(1)(A) would establish a deadline of April 30, 2020, for KPJ Associates to file a notice of appeal.

However, KPJ Associates argues that the appeal period in this case was extended by the second General Order that this Court issued in response to the COVID-19 pandemic, General Order 2020-2 (D. Me. Mar. 18, 2020). Paragraph G of the second General Order provides that "[a]ll deadlines in . . . civil cases between [March 18] and May 1, 2020, are extended thirty days to allow lawyers [and] parties . . . sufficient time to implement teleworking arrangements." *Id.* KPJ Associates contends that this provision of General Order 2020-2 had the effect of extending the deadline for filing its notice of appeal by thirty days, from April 30 to May 30, 2020, and, as a result, that the writ of execution issued on May 7, 2020, was premature.

In response, Toddle Inn asserts that the General Order did not extend the deadline for the filing of KPJ Associates' notice of appeal, arguing that only the First Circuit Court of Appeals may alter deadlines prescribed by the Federal Rules of

Appellate Procedure. Thus, Toddle Inn contends, the appeal period expired on April 30, 2020, and the writ of execution was properly issued on May 7, 2020.

Contrary to Toddle Inn's argument, Rule 4 makes clear that the authority to extend the time for filing a notice of appeal rests with the District Court.[1] *See* Fed. R. App. P. 4(a)(5)(A). Specifically, Rule 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

*Id.* The text of Rule 4(a)(5)(A) is silent as to whether the District Court may grant an extension of time by general order, but the parties have not briefed that question. In any event, that silence is inconsequential here because KPJ Associates has demonstrated that the deadline for the filing of its notice of appeal should be May 30, 2020, as it contends.

At the hearing on May 12, 2020, KPJ Associates supplemented its emergency motion to quash by orally moving for an extension of the appeal period to May 30, 2020, under Rule 4(a)(5)(A) (ECF No. 58). This request was timely under subsection (i) of Rule 4(a)(5)(A) because it was made no later than 30 days after the time prescribed by Rule 4(a)—here, April 30—arguably expired. Further, the request was supported by good cause, as required by subsection (ii) of Rule 4(a)(5)(A). KPJ Associates represents that it did not file a notice of appeal prior to April 30, 2020, because it understood that General Order 2020-2 had extended the deadline for doing

---

[1] Similarly, the authority to reopen the time to file an appeal lies with the District Court, not the Court of Appeals. *See* Fed. R. App. P. 4(a)(6).

so until May 30, 2020. This understanding is supported by the plain language and stated purpose of paragraph G of General Order 2020-2, which extended "[a]ll deadlines" falling within the specified time period by thirty days "to allow lawyers [and] parties . . . sufficient time to implement teleworking arrangements."[2] General Order 2020-2 (D. Me. Mar. 18, 2020).

Toddle Inn objects that KPJ Associates' reliance on General Order 2020-2 does not establish good cause because the General Order was not intended to apply to deadlines for filing notices of appeal. However, this argument is unsupported and runs afoul of the General Order itself, which does not distinguish between deadlines for filing notices of appeal and other deadlines. To the contrary, paragraph G's language and stated purpose indicate that it was intended to apply to "[a]ll deadlines." *Id.*

For the foregoing reasons, I conclude that KPJ Associates' request under Rule 4(a)(5)(A) is both timely and supported by good cause and, therefore, its oral motion to extend the appeal period to May 30, 2020 (ECF No. 58) is **GRANTED**. Accordingly, the time for appeal has not expired, the issuance of a writ of execution is not yet in order, and KPJ Associates' motion to quash the writ of execution issued on May 7, 2020 (ECF No. 48) is **GRANTED**.

    **SO ORDERED.**                         Dated: May 14, 2020

                                                    /s/ JON D. LEVY
                                         **CHIEF U.S. DISTRICT JUDGE**

---

[2] That the time period for the filing of KPJ Associates' notice of appeal did not come into existence until after General Order 2020-2 was issued does not change the analysis. The extension granted by paragraph G of the General Order was not limited to previously established deadlines, but instead applied to "[a]ll deadlines in . . . civil cases between [March 18] and May 1, 2020." General Order 2020-2 (D. Me. Mar. 18, 2020).