UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TODDLE INN FRANCHISING, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)   2:18-cv-00293-JDL<br>KPJ ASSOCIATES LLC, et al.,  )<br>)<br>)<br>Defendants.  ) | |

### ORDER ON THE PLAINTIFF'S PETITION
### FOR ATTORNEY FEES

This matter is before the Court on a Petition filed by Toddle Inn Franchising, LLC ("Toddle Inn") seeking attorney fees and costs in the total amount of $54,006.17 (ECF No. 74) pursuant to D. Me. Local Rule 54.2. For the reasons discussed below, Toddle Inn's Petition for Attorney Fees and Costs is granted.

### I. BACKGROUND

Toddle Inn initiated this action (ECF No. 1) against KPJ Associates, LLC, Kathie L. Murphy, Patrick M. Murphy, and James O. Haskell (collectively, "KPJ Associates") in July 2018. I ordered the parties to submit to arbitration in December 2018 (ECF No. 33), and in December 2019 the arbitrator issued an Amended Arbitration Award in favor of Toddle Inn. On March 31, 2020, I confirmed the Amended Arbitration Award and deemed it the final judgment in this case (ECF No. 45). A writ of execution to enforce the judgment (ECF No. 47) was issued on May 7, 2020 (the "First Writ"); however, this writ was quashed on May 14, 2020 (ECF No. 59) after a hearing in which this Court determined that the writ issued prematurely

in light of General Order 2020-2 (D. Me. Mar. 18, 2020), which extended deadlines in all civil cases by thirty days due to the COVID-19 pandemic.  KPJ Associates appealed the final judgment to the United States Court of Appeals for the First Circuit on May 28, 2020 (ECF No. 61), and on August 11, 2021 the First Circuit affirmed this Court's judgment in all respects (ECF No. 71).  The First Circuit issued a formal mandate (ECF No. 72) on September 1, 2021.  On September 15, 2021, Toddle Inn filed the Petition for Attorney Fees and Costs (ECF No. 74), which is the subject of this order, requesting a total of $54,006.17 in attorneys' fees and costs related to enforcing and collecting the Amended Arbitration Award ($18,690.00 in fees and $906.88 in costs) and in defending the appeal ($32,102.50 in fees and $2,306.79 in costs).  KPJ Associates opposes the petition (ECF No. 78).  A second Writ of Execution (the "Second Writ") was issued in Toddle Inn's favor on September 22, 2021 (ECF No. 75).

## II. LEGAL ANALYSIS

Under the Franchise Agreement governing the parties' relationship and the resolution of all disputes between them, Toddle Inn, the Franchisor, is entitled to recovery of legal fees and costs.  The agreement states:

> If Franchisor brings any legal action or other proceeding for the enforcement of this Agreement, or is forced to defend itself because of an alleged dispute, breach, default or misrepresentation in connection with any provisions of this Agreement, it shall be entitled to recover reasonable attorneys' fees, court costs and all expenses even if not taxable as court costs (including, without limitation, all such fees, costs and expenses incident to arbitration, appeals, bankruptcy and post judgment proceedings), incurred in that action or proceeding, in addition to any other relief to which Franchisor may be entitled.  Attorneys fees include paralegal fees, administrative costs and all other charges billed by the attorney.

ECF No. 37-1 at 33-34. "In general, 'a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law' and 'where a contract authorizes an award of attorneys' fees, such an award becomes the rule rather than the exception.'" *Long v. Fairbank Farms Reconstruction Corp.*, No. 1:09-cv-592, 2014 WL 1276152, at *2 (D. Me. Mar. 27, 2014) (quoting *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993)).

Reasonable attorneys' fees are determined using the lodestar approach, under which the court determines "the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate." *SD v. Portland Pub. Schs.*, No. 2:13-cv-00152, 2014 WL 7046190, at *2 (D. Me. Dec. 11, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

KPJ Associates challenges Toddle Inn's fee petition on three grounds: (1) that the arbitrator, and not this Court, has jurisdiction to review and award attorneys' fees under the terms of the franchise agreement; (2) that the Plaintiff should not be allowed to recover attorneys' fees and costs related to the First Writ, which was quashed after being issued in error; and (3) that Plaintiff must submit the request for attorneys' fees and costs related to the appeal to the First Circuit and is limited to the amounts listed in the previously filed Bill of Costs.

**A. Whether the Arbitrator Has Sole Jurisdiction Pursuant to the Franchise Agreement to Award Attorneys' Fees and Costs**

KPJ Associates argues that the arbitrator, and not this Court, has jurisdiction to award attorneys' fees and costs in this dispute under the plain language of § 22.7 of the Franchise Agreement. This portion of the Franchise Agreement provides that

3

"[a]ll disputes between or among the parties . . . shall be settled by arbitration" and that "[t]he arbitrator may also award attorney fees." ECF No. 37-1 at 37. The Agreement also states, "The arbitrator shall have continuing jurisdiction to implement his/her decision." *Id*. Toddle Inn argues in response that the arbitrator's jurisdiction terminated upon this Court's issuance of the final award.

This specific issue was recently addressed by the First Circuit, which held that the arbitrator does not have sole jurisdiction to award attorneys' fees under the Franchise Agreement. As the First Circuit explained,

> While the contract here *does* let the arbitrator make an award of attorneys' fees and costs, it *does not* say *only* the arbitrator can make such an award. Instead (and as we have been at pains to stress – at the risk of becoming tedious), the contract broadly provides (our emphasis) that Toddle "shall" recover attorneys' fees and costs in "*any legal action* or other proceeding for the enforcement of this [a]greement," listing as examples proceedings ("appeals," "post judgment proceedings," *etc*.) that are clearly judicial in nature – without intimating even a possible hint of a suggestion that only the arbitrator can make such an award.

*Toddle Inn Franchising, LLC v. KPJ Associates, LLC*, 8 F.4th 56, 68 (1st Cir. 2021) (alteration in original). Thus, contrary to KPJ Associates' argument, the arbitrator does not have continuing and exclusive jurisdiction to award attorneys' fees, and this Court may make the requested award.

B. **Whether Toddle Inn May Recover Fees and Costs Related to Enforcing the First Writ and Responding to Defendants' Motion to Quash That Writ**

KPJ Associates next argues that even if this Court may properly award attorneys' fees to Toddle Inn, fees and costs related to enforcement of the First Writ and to responding to KPJ Associates' Motion to Quash that writ are not reasonable and therefore may not be awarded. In its Petition for Attorney Fees, Toddle Inn

4

requests a total of $18,690 in attorneys' fees and $906.88 in costs to enforce the arbitration award, which includes efforts to enforce both the First Writ and the Second Writ. KPJ Associates asserts that Toddle Inn's fees and costs related to enforcement of the First Writ and to responding to the Motion to Quash that writ amount to "at least $6,737.26." ECF No. 78 at 6. Toddle Inn counters that these fees and costs were reasonably incurred, even though the First Writ was erroneously issued and quickly quashed. Toddle Inn rests on the principle that courts have wide latitude to award attorneys' fees based on the totality of the circumstances, noting that a fee award need not be reduced because the party did not prevail on every aspect of the litigation.

The circumstances of both the issuance of the First Writ and the quashing of the First Writ raised nuanced questions of procedure in the early days of the COVID-19 pandemic. Thus, although I determined that the First Writ was erroneously issued and promptly quashed it, (ECF No. 59), it was reasonable for Toddle Inn to incur fees and costs to respond to KPJ Associate's Motion to Quash the First Writ.

However, it was not reasonable for Toddle Inn to incur fees and costs to execute the First Writ after this Court's May 12, 2020 Oral Order[1] directing Toddle Inn not to seek to effectuate that writ.[2] For this reason, fees and costs incurred by Toddle Inn on or after May 12, 2020 related to enforcement of the First Writ, which total $187.75, will be subtracted from the award of attorneys' fees and costs.

---

[1] That order included: "[I]t is ORDERED that until the Court has acted on the Defendants' emergency motion, Plaintiff shall not seek to effectuate the [First Writ], and Plaintiff's counsel should take reasonable steps to inform the appropriate agency or agencies not to act on the [First Writ]." ECF No. 57.

[2] These fees and costs were incurred from May 12, 2021 through May 14, 2021 and total $187.75

## C. Whether Appellate Fees Must Be Determined by the Circuit Court, and Whether Plaintiff's Recoverable Costs Are Limited to the Amount Requested in the Bill of Costs Previously Submitted to the Circuit Court

KPJ Associates' final argument opposing Toddle Inn's Petition for Attorneys' Fees and Costs asserts that Toddle Inn may not seek recovery of fees and costs related to defending the appeal before the First Circuit. It cites First Circuit Rule 39.1(b), which requires applications for an award of attorneys' fees and expenses, in connection with an appeal, to be filed with the Clerk of the First Circuit within thirty days of entry of the final circuit judgment, unless the First Circuit remands determination of those costs to the district court.

Contrary to KPJ Associates' argument, First Circuit Rule 39.1(b) does not require Toddle Inn to seek appellate fees and costs from the First Circuit in this instance. Rule 39.1(b) applies only to applications for fees "under any statute, rule or custom." Because Toddle Inn seeks appellate fees and costs under a contract's fee-shifting provision, it is outside the scope of Rule 39.1(b). This Court may award appellate fees and costs.

Additionally, Toddle Inn is not limited to the amount requested in the Bill of Costs previously submitted to the First Circuit. The Bill of Costs submitted to the First Circuit represented a specific subset of the appellate costs; those to which Toddle Inn was entitled to under Federal Rule of Appellate Procedure 39(a)(2), which taxes costs against the appellant as a matter of course when judgment is affirmed on appeal. The Franchise Agreement is clear that Toddle Inn may recover "court costs and all expenses *even if not taxable as court costs* (including, without limitation, all such fees, costs and expenses incident to arbitration, appeals, bankruptcy and post

6

judgment proceedings), incurred in that action or proceeding." ECF No. 37-1 at 33-34 (emphasis added). This explanation is critical, because "[a]lthough "costs" has an everyday meaning synonymous with "expenses," the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2666 (4th ed. 2021). As this Court recognized in *Vital Basics, Inc. v. Vertrue, Inc.*, "[t]o the extent that the expenses and disbursements exceed what could be recovered as 'costs,' it is generally understood that such expenses often exceed what may be recovered via a bill of costs." No. 05-65-P-S, 2007 WL 1308806, at * 4 (D. Me. May 3, 2007). In *Vertrue*, as in this case, the basis for this Court's authority to award reasonable expenses derives from the plain language of the Agreement between the parties. This language entitles Toddle Inn to expenses beyond those taxable through the Bill of Costs.

**D.    Bill of Costs**

KPJ Associates asserts that Toddle Inn failed to follow D. Me. Local Rule 54.3, which requires that a party seeking costs prepare and submit either a standardized Bill of Costs form obtained from the Clerk's office or a substantially similar filing, with a supporting memoranda and documentation. As discussed above, what Toddle Inn seeks to recover exceeds the standard costs listed on the Bill of Costs form but comports with the Franchise Agreement's expansive definition of "costs and expenses." Toddle Inn provided a breakdown of the requested costs in its Petition, which serves as the requisite supporting memorandum, and Toddle Inn attached documentation of the costs. Therefore, I find this objection unavailing.

### E.     Calculation of the Award

Having determined that this Court has jurisdiction over Toddle Inn's Petition for Attorney Fees and Costs, I turn now to considering the appropriate lodestar. With respect to the reasonable hourly rate, I note that KPJ Associates has not objected to the hourly rates charged by Toddle Inn's attorneys and paralegals for their work in this case. Additionally, Toddle Inn has provided affidavits confirming that the charged rates align with the prevailing rates charged in Maine for similar work. Nor has KPJ Associates objected to the number of hours worked. Thus, I find that the requested fee amounts reflect reasonable hourly rates for an amount of time productively expended to enforce and collect on the arbitration award and defend against the appeal to the First Circuit. After deducting $187.75, the amount of attorneys' fees and costs to be recovered based on Toddle Inn's Petition for Attorney Fees is $53,818.42

### III. CONCLUSION

For the foregoing reasons, I conclude that the Petition for Attorney Fees (ECF No. 74) should be **GRANTED** and I award Toddle Inn reasonable attorney fees and costs in the amount of $53,818.42.

**SO ORDERED.**


Dated: December 8, 2021.


                                               /s/ JON D. LEVY
                                     **CHIEF U.S. DISTRICT JUDGE**